UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AGAPITO RIBAS, § § Plaintiff, § § § § FISHER SAND & GRAVEL, CO., and § JOHNNY ZAMORA, § § Defendants. § § | Cause No. 3:21-CV-00140 |

## DEFENDANTS' NOTICE OF REMOVAL

**TO THE HONORABLE DISTRICT JUDGE:**

**COME NOW** FISHER SAND & GRAVEL, CO. and JOHNNY ZAMORA Defendants in the above-entitled and captioned cause, and submit this Notice of Removal, and for jurisdiction respectfully shows the following:

1.  Johnny Zamoroa ("Mr. Zamora") and Fisher Sand & Gravel, Co. ("Fisher") are named as Defendants in the case styled *Agapito Ribas v. Fisher Sand & Gravel, Co. and Johnny Zamora*; Cause No. 2021-DCV1371 pending in the 168th Judicial District Court of El Paso County, Texas (hereinafter, the "State Court Action"). A true and correct copy of the docket sheet from the State Court Action is attached hereto as Exhibit A. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of all process, pleadings, and orders in the State Court Action are being filed with this Notice, and are attached hereto as Exhibit B. This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a).

2. Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

3. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based. 28 U.S.C. § 1446(b)(1).

4. Because federal courts have limited jurisdiction, parties must make "clear, distinct, and precise affirmative jurisdictional allegations" in their pleadings. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). To properly allege diversity jurisdiction under § 1332, the parties need to allege "complete diversity." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). That means "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id*. (quotation omitted).

5. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." *Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985).

6. To determine the amount in controversy, courts look first to the state court petition. *Salazar v. Downey*, 2012 U.S. Dist. LEXIS 158423, 2012 WL 5389678, at *1-2 (N.D. Tex. Nov. 5, 2012). When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. There are two ways that this burden can be met. A removing party may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim more likely than not exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). If the original state court petition does not include a claim for damages that exceeds the jurisdictional threshold established by 28 U.S.C. § 1332, then the case stated by the initial pleading is not removable. *See* 28 U.S.C. § 1446(b).

7. A defendant's removal is timely even if the case stated by the initial pleading is not removable, if the defendant removes the case within thirty days of receiving an amended pleading, motion, or "other paper" that informs the defendant that the case is removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).

## BASIS FOR REMOVAL

8. The State Court Action is a negligence case that arises from a motor vehicle accident that occurred in El Paso County, Texas on May 20, 2019. Ex. B, Pl's Orig. Pet. Plaintiff's Original Petition was filed on April 23, 2021, and Defendant Fisher was served with Plaintiff's Original Petition by Certified Mail on or about May 25, 2021. *Id.*

9.	Plaintiff is a Texas citizen.  Neither Defendant Fisher nor Defendant Zamora is a Texas citizen.  Defendant Fisher's principal place of business is in state of North Dakota, and it is incorporated in the state of Delaware.  It is therefore a citizen of each of those states.  Defendant Zamora is a citizen of Arizona.   The parties are therefore completely diverse.

10.	Plaintiff's Petition states he seeks "over $1,000,000.00 in damages."  Accordingly, the amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied.

11.	Because the parties are completely diverse and because Plaintiff seeks damages in an amount over $75,000.00, this Court has jurisdiction over this lawsuit.

12.	Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) because El Paso is the District and Division where the State Court Action is pending.

13.	Pursuant to 28. U.S.C. § 1446(d), Defendants will promptly give all parties written notification of the filing of this Notice, and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

**WHEREFORE, PREMISES CONSIDERED, WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully pray that all parties take notice of the above and forgoing removal, that pursuant to the above-referenced authorities this Honorable Court exercise jurisdiction over the parties and subject matter in this case, and that Defendants be granted such other and further relief, general or special, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas 79950-1977
Phone:   (915) 532-2000
Telefax: (915) 541-1597 Fax

By:   */s/ James A. Martinez*
**James A. Martinez**
State Bar No. 00791192
martinezja@jmeplaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, **James A. Martinez**, hereby certify that on the 14th day of June, 2021, a true and correct copy of the foregoing document filed electronically with the clerk of the court in accordance with Texas Rule of Civil Procedure 21a (f)(1) is served on all counsel of record.

*/s/ James A. Martinez*
**JAMES A. MARTINEZ**