# EXHIBIT B

CAUSE NO. _____

| | | |
|---|---|---|
| AGAPITO RIBAS, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| FISHER SAND & GRAVEL, CO., and | § | |
| JOHNNY ZAMORA, | § | |
|     Defendants. | § | OF EL PASO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION WITH NOTICE OF REQUIRED DISCLOSURES

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AGAPITO RIBAS ("Plaintiff" herein), complaining of and about Defendants, FISHER SAND & GRAVEL, CO. ("Defendant Fisher" herein), and JOHNNY ZAMORA ("Defendant Zamora" herein), and for cause of action shows unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Pursuant to TEX. R. CIV. P. §190.4, Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

2. Plaintiff, AGAPITO RIBAS, is an individual and a resident of El Paso County, Texas.

3. Defendant JOHNNY ZAMORA is an individual who is a nonresident of Texas and may be served with process by personal service at the following address: 3479 Red Oak, Gilbert, Arizona, 85297, or wherever he may be found.

4. Defendant FISHER SAND & GRAVEL, CO. is a foreign, for-profit corporation authorized to do business in the state of Texas. Defendant may be served with process by and

*Page 1 of 9*

through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, its registered office.

### III.
### MISNOMER, ALTER EGO, AND ASSUMED NAME

5.    In the event any parties are misnamed or not included herein, such event was a "misidentification," "misnomer," and/or such parties are or were "alter-egos" of parties named herein.  At all relevant times, the named Defendant, FISHER SAND & GRAVEL, CO., is believed to have owned, operated, and/or done business as "FISHER SAND & GRAVEL, CO." Plaintiff brings this action, in part, against FISHER SAND & GRAVEL, CO. in its assumed names and relies upon TEX. R. CIV. P. 28 in order to properly identify this Defendant.

### IV.
### JURISDICTION

6.    The subject matter in controversy is within the jurisdictional limits of this Court.

7.    Plaintiff seeks monetary relief of over $1,000,000.

8.    This Court has personal jurisdiction over the parties because:

9.    Defendant JOHNNY ZAMORA purposely availed himself of the privileges and benefits of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant Zamora will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10.    Plaintiff would further show that Defendant Zamora engaged in activities constituting business in the state of Texas as provided by TEX. CIV. PRAC. & REM. CODE §17.042 in that said Defendant committed a tort in whole or in part in Texas.

11.     Defendant FISHER SAND & GRAVEL, CO. purposely availed itself of the privileges and benefits of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant Fisher will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.     Further, Defendant Fisher had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.  The cause of action also arises from or relates to the contacts of Defendant Fisher to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

13.     Defendant Fisher Sand & Gravel, Co. engaged in activities constituting business in the state of Texas as provided by TEX. CIV. PRAC. & REM. CODE §17.042.

## V.
## VENUE

14.     Venue in El Paso County is proper in this cause under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## VI.
## FACTS

15.     On or about May 20, 2019, Plaintiff, Agapito Ribas, was a passenger in a 2007 Saturn Vue operated by Elsa Sora.  Plaintiff's vehicle was traveling north in the outside, or far right, lane of Lomaland Drive, crossing underneath the overpass of the 8200 block of Gateway Boulevard West in El Paso, Texas.

16.     Lomaland Drive is a six-lane street running north and south with three lanes reserved for each direction of travel in the area where it crosses underneath the overpass of 8200

Gateway Boulevard West in El Paso, Texas.

17.    At or about this same time, Defendant Johnny Zamora was operating a 2000 model Kenworth T680 tractor-trailer owned by Defendant Fisher Sand & Gravel, Co. and was also traveling north on Lomaland Drive, crossing underneath the overpass of 8200 Gateway Boulevard West.  Defendant Zamora was traveling in the middle, or second from the right, lane of Lomaland Drive.

18.    While both vehicles were traveling north under the Gateway overpass, Defendant Johnny Zamora made an unsafe lane change from the middle lane into the outside lane and caused the 2000 Kenworth tractor-trailer to collide with the vehicle in which Plaintiff was traveling.

19.    The impact from the collision caused Plaintiff's vehicle to collide with a concrete pillar located under the Gateway Boulevard overpass.

20.    The collision between Defendant's vehicle and Plaintiff's vehicle and the resulting collision of Plaintiff's vehicle with the concrete pillar, which form the basis of this lawsuit, proximately caused serious injuries and damages to Plaintiff that are further enumerated below.

### VII.
### CAUSES OF ACTION

**A.    PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT JOHNNY ZAMORA**

21.    Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

22.    Defendant Johnny Zamora owed a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

23.    Plaintiff's injuries and damages were proximately caused by Defendant Zamora's

negligent, careless, and reckless disregard of said duty.

24.     The negligent, careless, and reckless disregard of duty of Defendant Zamora consisted of, but is not limited to, the following acts and omissions:

A.     In that Defendant Zamora failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant Zamora failed to turn his motor vehicle to the left in an effort to avoid the collision complained of;

C.     In that Defendant Zamora operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff's vehicle at least one-half of the roadway; and

D.     In that Defendant Zamora made an unsafe lane change into Plaintiff's lane of travel at a time when Plaintiff's vehicle was occupying said lane and such lane change could not be made with safety.

**B.     PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST DEFENDANT JOHNNY ZAMORA**

25.     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

26.     Defendant Johnny Zamora's conduct described herein constitutes an unexcused breach of the duty imposed by TEX. TRANSP. CODE §545.060(a), which states that "an operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."

27.     The harm Plaintiff suffered is the type of harm that this statute was enacted and intended to prevent.

28.     Plaintiff is a member of the class that this statute was designed and enacted to protect.

29.     Defendant Zamora's unexcused breach of the duty imposed by this statute proximately caused Plaintiff's injuries described herein.

*Page 5 of 9*

30.     Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question and resulting damages.

**C.     PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT FISHER SAND & GRAVEL, CO.**

31.     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

32.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was within the course and scope of employment with Defendant Fisher Sand & Gravel, Co.

33.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was engaged in the furtherance of Defendant Fisher Sand & Gravel, Co.'s business.

34.     At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was engaged in accomplishing a task for which Defendant Zamora was employed.

35.     As such, Defendant Fisher Sand & Gravel, Co. is vicariously liable for the foregoing negligent acts of its driver, Defendant Zamora, under the legal theory of *respondeat superior*.

**D.     PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT FISHER SAND & GRAVEL, CO.**

36.     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

37.     On May 20, 2019, Defendant Fisher Sand & Gravel, Co. was the owner of the vehicle operated by Johnny Zamora.

38.     Defendant Fisher Sand & Gravel, Co. entrusted the vehicle to Johnny Zamora, an incompetent driver.

39.     Defendant Fisher Sand & Gravel, Co. knew, or through the exercise of reasonable care should have known, that Johnny Zamora was an incompetent driver.

40.     As described herein, Johnny Zamora was negligent on the occasion in question.

41.     Johnny Zamora's negligence was the proximate cause of Plaintiff's damages.

**E.     PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE AGAINST DEFENDANTS**

42.     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

43.     Plaintiff shows that the conduct, acts, and omissions described herein of Defendant Zamora and Defendant Fisher Sand & Gravel, Co. and its agents, successors and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law.

44.     The conduct of Defendant Fisher Sand & Gravel, Co. and its agents, employees, successors and assigns, when viewed objectively from each Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant and his agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

45.     As a result, Plaintiff is entitled to an award of exemplary damages against Defendants.

## VIII.
## DAMAGES

**A.     EXEMPLARY DAMAGES**

46.     Based on the facts stated herein, and because Defendants' negligent conduct, act, and omissions rose to such a level as to constitute grossly negligent conduct as that term is known and defined by law, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Fisher Sand & Gravel, Co. and Defendant Johnny Zamora.

**B.    PLAINTIFF AGAPITO RIBAS'S DAMAGES**

47.    As a direct and proximate result of the above-described negligent and grossly negligent acts and omissions by Defendants made the basis of this lawsuit, Plaintiff Agapito Ribas was caused to suffer bodily injuries to his head, neck, back, and body generally and incur the following elements of damages:

A.    Reasonable medical care and expenses in the past, incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Loss of earnings in the past;

H.    Loss of earning capacity which will, in all probability, be incurred in the future;

I.    Disfigurement in the past;

J.    Disfigurement in the future;

K.    Mental anguish in the past; and

L.    Mental anguish in the future.

## IX.
## JURY DEMAND

48.    Pursuant to TEX. R. CIV. P. 216, Plaintiff respectfully requests a trial by jury.

## X.

## NOTICE OF REQUIRED DISCLOSURE

49.    Pursuant to TEX. R. CIV. P. 194, each Defendant named in this pleading is required to disclose, within thirty (30) days of filing its Answer, the information or material described in Rule 194.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Agapito Ribas respectfully prays that Defendants be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiff have and recover damages from Defendants, in accordance with the evidence, and as the jury may deem to be proper, and that judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, court costs, attorney fees, and all such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE GUARDIOLA LAW FIRM, P.C**.
6227 Airport Road
El Paso, Texas 79925
Tel: (915) 887-0647
Fax: (915) 887-0686
mail@guardiolalawfirm.net

By _____
**ISRAEL P. GUARDIOLA**
State Bar No. 00784184
Attorney for Plaintiff

**IN THE JUDICIAL DISTRICT COURT OF EL PASO COUNTY, TEXAS**
**168TH JUDICIAL DISTRICT**

| | | |
|---|---|---|
| AGAPITO RIBAS, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CAUSE NO. 2021DCV1371 |
| | § | |
| FISHER SAND & GRAVEL, CO., and | § | |
| JOHNNY ZAMORA, | § | |
| Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION**
**WITH NOTICE OF REQUIRED DISCLOSURES**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, AGAPITO RIBAS ("Plaintiff" herein), complaining of and about Defendants, FISHER SAND & GRAVEL, CO. ("Defendant Fisher" herein), and JOHNNY ZAMORA ("Defendant Zamora" herein), and for cause of action shows unto the Court the following:

**I.**
**DISCOVERY CONTROL PLAN**

1.      Pursuant to TEX. R. CIV. P. §190.4, Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**
**PARTIES AND SERVICE**

2.      Plaintiff, AGAPITO RIBAS, is an individual and a resident of El Paso County, Texas.

3.      Defendant JOHNNY ZAMORA is an individual who is a nonresident of Texas and may be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.062, et seq. by serving: J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, at 125 E. 11th Street, Austin, Texas 78701-2483.  Defendant Zamora's last known address is: 3479 Red Oak, Gilbert, Arizona, 85297.

Page 1 of 9

4.      Defendant FISHER SAND & GRAVEL, CO. is a foreign, for-profit corporation authorized to do business in the state of Texas.  Defendant may be served with process by and through its registered agent, National Registered Agents, Inc., at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, its registered office.

### III.
### MISNOMER, ALTER EGO, AND ASSUMED NAME

5.      In the event any parties are misnamed or not included herein, such event was a "misidentification," "misnomer," and/or such parties are or were "alter-egos" of parties named herein.  At all relevant times, the named Defendant, FISHER SAND & GRAVEL, CO., is believed to have owned, operated, and/or done business as "FISHER SAND & GRAVEL, CO."  Plaintiff brings this action, in part, against FISHER SAND & GRAVEL, CO. in its assumed names and relies upon TEX. R. CIV. P. 28 in order to properly identify this Defendant.

### IV.
### JURISDICTION

6.      The subject matter in controversy is within the jurisdictional limits of this Court.

7.      Plaintiff seeks monetary relief of over $1,000,000.

8.      This Court has personal jurisdiction over the parties because:

9.      Defendant JOHNNY ZAMORA purposely availed himself of the privileges and benefits of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant Zamora will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

10.     Plaintiff would further show that Defendant Zamora engaged in activities constituting business in the state of Texas as provided by TEX. CIV. PRAC. & REM. CODE §17.042 in that said Defendant committed a tort in whole or in part in Texas.

11.	Defendant FISHER SAND & GRAVEL, CO. purposely availed itself of the privileges and benefits of conducting business activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant Fisher will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12.	Further, Defendant Fisher had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.  The cause of action also arises from or relates to the contacts of Defendant Fisher to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

13.	Defendant Fisher Sand & Gravel, Co. engaged in activities constituting business in the state of Texas as provided by TEX. CIV. PRAC. & REM. CODE §17.042.

## V.
## VENUE

14.	Venue in El Paso County is proper in this cause under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## VI.
## FACTS

15.	On or about May 20, 2019, Plaintiff, Agapito Ribas, was a passenger in a 2007 Saturn Vue operated by Elsa Sora.  Plaintiff's vehicle was traveling north in the outside, or far right, lane of Lomaland Drive, crossing underneath the overpass of the 8200 block of Gateway Boulevard West in El Paso, Texas.

16.	Lomaland Drive is a six-lane street running north and south with three lanes reserved for each direction of travel in the area where it crosses underneath the overpass of 8200 Gateway Boulevard West in El Paso, Texas.

17.     At or about this same time, Defendant Johnny Zamora was operating a 2000 model Kenworth T680 tractor-trailer owned by Defendant Fisher Sand & Gravel, Co. and was also traveling north on Lomaland Drive, crossing underneath the overpass of 8200 Gateway Boulevard West. Defendant Zamora was traveling in the middle, or second from the right, lane of Lomaland Drive.

18.     While both vehicles were traveling north under the Gateway overpass, Defendant Johnny Zamora made an unsafe lane change from the middle lane into the outside lane and caused the 2000 Kenworth tractor-trailer to collide with the vehicle in which Plaintiff was traveling.

19.     The impact from the collision caused Plaintiff's vehicle to collide with a concrete pillar located under the Gateway Boulevard overpass.

20.     The collision between Defendant's vehicle and Plaintiff's vehicle and the resulting collision of Plaintiff's vehicle with the concrete pillar, which form the basis of this lawsuit, proximately caused serious injuries and damages to Plaintiff that are further enumerated below.

## VII.
## CAUSES OF ACTION

A.     **PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST DEFENDANT JOHNNY ZAMORA**

21.     Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

22.     Defendant Johnny Zamora owed a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

23.     Plaintiff's injuries and damages were proximately caused by Defendant Zamora's negligent, careless, and reckless disregard of said duty.

24.     The negligent, careless, and reckless disregard of duty of Defendant Zamora consisted of, but is not limited to, the following acts and omissions:

        A.     In that Defendant Zamora failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.      In that Defendant Zamora failed to turn his motor vehicle to the left in an effort to avoid the collision complained of;

C.      In that Defendant Zamora operated his vehicle in Plaintiff's lane of traffic and failed to give Plaintiff's vehicle at least one-half of the roadway; and

D.      In that Defendant Zamora made an unsafe lane change into Plaintiff's lane of travel at a time when Plaintiff's vehicle was occupying said lane and such lane change could not be made with safety.

**B.      PLAINTIFF'S CLAIM OF NEGLIGENCE PER SE AGAINST DEFENDANT JOHNNY ZAMORA**

25.      Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

26.      Defendant Johnny Zamora's conduct described herein constitutes an unexcused breach of the duty imposed by TEX. TRANSP. CODE §545.060(a), which states that "an operator on a roadway divided into two or more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely."

27.      The harm Plaintiff suffered is the type of harm that this statute was enacted and intended to prevent.

28.      Plaintiff is a member of the class that this statute was designed and enacted to protect.

29.      Defendant Zamora's unexcused breach of the duty imposed by this statute proximately caused Plaintiff's injuries described herein.

30.      Such violation amounts to *negligence per se* and is the proximate cause of the occurrence in question and resulting damages.

**C.      PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST DEFENDANT FISHER SAND & GRAVEL, CO.**

31.      Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

32.      At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was within the course and scope of employment with Defendant Fisher Sand & Gravel, Co.

33.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was engaged in the furtherance of Defendant Fisher Sand & Gravel, Co.'s business.

34.    At the time of the occurrence of the act in question and immediately prior thereto, Defendant Zamora was engaged in accomplishing a task for which Defendant Zamora was employed.

35.    As such, Defendant Fisher Sand & Gravel, Co. is vicariously liable for the foregoing negligent acts of its driver, Defendant Zamora, under the legal theory of *respondeat superior*.

**D.    PLAINTIFF'S CLAIM OF NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT FISHER SAND & GRAVEL, CO.**

36.    Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

37.    On May 20, 2019, Defendant Fisher Sand & Gravel, Co. was the owner of the vehicle operated by Johnny Zamora.

38.    Defendant Fisher Sand & Gravel, Co. entrusted the vehicle to Johnny Zamora, an incompetent driver.

39.    Defendant Fisher Sand & Gravel, Co. knew, or through the exercise of reasonable care should have known, that Johnny Zamora was an incompetent driver.

40.    As described herein, Johnny Zamora was negligent on the occasion in question.

41.    Johnny Zamora's negligence was the proximate cause of Plaintiff's damages.

**E.    PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE AGAINST DEFENDANTS**

42.    Plaintiff incorporates the foregoing paragraphs as if set forth verbatim herein.

43.    Plaintiff shows that the conduct, acts, and omissions described herein of Defendant Zamora and Defendant Fisher Sand & Gravel, Co. and its agents, successors and assigns, acting individually and jointly, constitute gross negligence as that term is defined in law.

44.     The conduct of Defendant Fisher Sand & Gravel, Co. and its agents, employees, successors and assigns, when viewed objectively from each Defendant's standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant and his agents, employees, successors and assigns were actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

45.     As a result, Plaintiff is entitled to an award of exemplary damages against Defendants.

## VIII.
## DAMAGES

**A.     EXEMPLARY DAMAGES**

46.     Based on the facts stated herein, and because Defendants' negligent conduct, act, and omissions rose to such a level as to constitute grossly negligent conduct as that term is known and defined by law, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Fisher Sand & Gravel, Co. and Defendant Johnny Zamora.

**B.     PLAINTIFF AGAPITO RIBAS'S DAMAGES**

47.     As a direct and proximate result of the above-described negligent and grossly negligent acts and omissions by Defendants made the basis of this lawsuit, Plaintiff Agapito Ribas was caused to suffer bodily injuries to his head, neck, back, and body generally and incur the following elements of damages:

A.     Reasonable medical care and expenses in the past, incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein, and such charges are reasonable and were usual and customary charges for such services in El Paso County, Texas;

B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

C.     Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Loss of earnings in the past;

H.    Loss of earning capacity which will, in all probability, be incurred in the future;

I.    Disfigurement in the past;

J.    Disfigurement in the future;

K.    Mental anguish in the past; and

L.    Mental anguish in the future.

## IX.
## JURY DEMAND

48.    Pursuant to TEX. R. CIV. P. 216, Plaintiff respectfully requests a trial by jury.

## X.
## NOTICE OF REQUIRED DISCLOSURE

49.    Pursuant to TEX. R. CIV. P. 194, each Defendant named in this pleading is required to disclose, within thirty (30) days of filing its Answer, the information or material described in Rule 194.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Agapito Ribas respectfully prays that Defendants be cited to appear and answer herein, that upon final trial and other hearing of this cause, that Plaintiff have and recover damages from Defendants, in accordance with the evidence, and as the jury may deem to be proper, and that judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas

Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41,

Texas Civil Practice and Remedies Code, together with pre-judgment and post-judgment interest at

the maximum rate allowed by law, court costs, attorney fees, and all such other and further relief to

which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE GUARDIOLA LAW FIRM, P.C**.
6227 Airport Road
El Paso, Texas 79925
Tel: (915) 887-0647
Fax: (915) 887-0686
mail@guardiolalawfirm.net

By _____
**ISRAEL P. GUARDIOLA**
State Bar No. 00784184
Attorney for Plaintiff

Page 9 of 9

# THE GUARDIOLA LAW FIRM, P.C.

Israel P. Guardiola ♦                                   **ATTORNEY AT LAW**                                   ♦ Member Texas Bar

**6227 AIRPORT ROAD
EL PASO, TEXAS 79925**
PHONE: **(915) 887-0647** FAX: **(915) 887-0686**

May 11, 2021

Norma Favela Barceleau
District Clerk
500 E. San Antonio, Suite 103
El Paso, Texas 79901

Re:    *Agapito Ribas v. Fisher Sand & Gravel, Co. and Johnny Zamora*, Cause No. 2021DCV1371 in the 168th District Court of El Paso County, Texas.

Dear Ms. Favela,

On behalf of my client, I hereby request the issuance of two citations in the above referenced matter as follows:

1.    **Certified Mail – Outside Service** to J. Bruce Bugg, Jr., Chairman of Texas Transportation Commission or any other authorized officer or agent therein at 125 E. 11th Street, Austin, Texas 78701-2483 who shall then forward a copy of Plaintiff's First Amended Original Petition With Notice of Required Disclosures to Non-Resident Defendant Johnny Zamora at 3479 Red Oak, Gilbert, Arizona, 85297 or where ever he may be found.

2.    **Certified Mail – Outside Service** to National Registered Agents, Inc., Registered Agent for Fisher Sand & Gravel, Co. or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

The document to be served along with each citation would be Plaintiff's First Amended Original Petition With Notice of Required Disclosures which was filed on May 7, 2021. The fee for the requested citations has been paid. Please email the citations to dalia@guardiolalawfirm.net, thank you.

Sincerely,

**THE GUARDIOLA LAW FIRM, P.C.**

Israel P. Guardiola
Attorney at Law

IPG/dm

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: **Fisher Sand & Gravel, Co.**, which may be served with process by serving its registered agent, National Registered Agents Inc., or any other authorized officer or agent therein at 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Original Petition with Notice of Required Disclosures at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th Judicial District Court**, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 7th day of May, 2021, by Attorney at Law, ISRAEL P. GUARDIOLA, 6227 AIRPORT RD., EL PASO, TX 79925 in this case numbered **2021DCV1371** on the docket of said court, and styled:

**Agapito Ribas**
**VS**
**Fisher Sand & Gravel, Co. and Johnny Zamora**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of May, 2021.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

Luis Carlos Terrazas, Private Process Server
*NAME OF PREPARER    PSC# 1381    TITLE
P.O. Box 920811
ADDRESS
El Paso        TX        79902
CITY        STATE        ZIP

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 22nd day of May, 2021, at 3:59 pm. I mailed to Fisher Sand & Gravel, Co. C/o CT Corp.- Reg. Agent @ 1999 Bryan St., Suite 900, Dallas, TX 75201-3136. Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures attached thereto.

Luis Carlos Terrazas
PSC-1381 / Exp. 7/31/2022
TITLE

## RETURN OF SERVICE

Delivery was completed on _May 25, 2021_____, delivered to _Fisher Sand & Gravel, Co. %_
_CT Corp./Reg. Agent @ 1999 Bryan St, Suite 900_____ as evidence by Domestic Return Receipt PS Form 3811
attached hereto. _Dallas, TX 75201-3136_

    The described documents were not delivered to the named recipient. The certified mail envelope was returned
undeliverable marked _____.

    This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_Luis Carlos Terrazas_____
Name of Authorized Person

By: _Luis Carlos Terrazas, PSC-1381_
_Exp. 7/31/2022_

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

    Before me, a notary public, on this day personally appeared _Luis Carlos TERRAZAS_____, known to me to be the person
whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am
disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and
correct."

Subscribed and sworn to be on this 30th day
of _May_____, 2021____.

_____
Notary Public, State of _TX_
My commission expires: _05/06/2024_

NENCY LICANO
NOTARY PUBLIC
STATE OF TEXAS
ID# 128926698
EXPIRES 5-6-2024



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Dallas, TX 75201

| Certified Mail Fee | $3.60 |
|---|---|

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy) $ $0.00
- ☐ Return Receipt (electronic) $ $0.00
- ☐ Certified Mail Restricted Delivery $ $0.00
- ☐ Adult Signature Required $ $0.00
- ☐ Adult Signature Restricted Delivery $ $0.00

Postage
$1.40

Total Postage and Fees
$7.85

Postmark Here

05/22/2021

Sent To  Fisher Sand & Gravel Co. CT Corp. R.A.
Street and Apt. No., or PO Box No.  1999 Bryan St. Suite 900
City, State, ZIP+4®  Dallas, TX 75201-3136

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 0640 0002 3369 7522

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Fisher Sand & Gravel, Co.
% CT Corporation - Reg. Agent
1999 Bryan St., Suite 900
Dallas, TX 75201-3136

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 6313 0274 6309 73

2. Article Number *(Transfer from service label)*
7020 0640 0002 3369 7522

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
- ☒ Agent
- ☐ Addressee

B. Received by *(Printed Name)*  Brett Bagwell
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

MAY 2 5 2021

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

0274 6309 73

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lone Star Legal Support
% Luis Carlos Terrazas, P.I., P.S.
P.O. Box 920811
El Paso, TX 79982

Re: Fisher Sand & Gravel, Co.


# USPS Tracking®

FAQs >

Track Another Package +

**Track Packages
Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

**Tracking Number:** 70200640000233697522

Remove X

Your item was delivered at 9:27 am on May 25, 2021 in DALLAS, TX 75201.

## ⊘ Delivered

May 25, 2021 at 9:27 am
DALLAS, TX 75201

**Get Updates** ∨

| Text & Email Updates | ∨ |
| --- | --- |
| Tracking History | ∨ |
| Product Information | ∨ |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

Filed 5/13, 2021
4:54 PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Aguirre, Clarisa

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **Johnny Zamora**, who may be served with process by serving, J.  Bruce Bugg Jr., Chairman of Texas Transportation Commission or any other authorized officer or agent therein at 125 E. 11th Street, Austin, TX 78701-2483 who shall then forward a copy to Johnny Zamora  at 3479 Red Oak, Gilbert, AZ 85297 or wherever he may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Original Petition with Notice of Required Disclosures at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 7th day of May, 2021, by Attorney at Law, ISRAEL P. GUARDIOLA, 6227 AIRPORT RD., EL PASO, TX  79925 in this case numbered **2021DCV1371** on the docket of said court, and styled:

**Agapito Ribas**
**VS**
**Fisher Sand & Gravel, Co. and Johnny Zamora**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of May, 2021.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

_____
*NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY BY MAIL
I hereby certify that on the _____ day of _____, 2021, at _____ I mailed to _____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures attached thereto.

_____

_____
TITLE

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____ _____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

      This forwarding address was provided:_____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_____
Name of Authorized Person

By:_____

**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _____ day

of _____, _____.

_____

Notary Public, State of _____

My commission expires:_____

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **Johnny Zamora**, who may be served with process by serving, J.  Bruce Bugg Jr., Chairman of Texas Transportation Commission or any other authorized officer or agent therein at 125 E. 11th Street, Austin, TX 78701-2483 who shall then forward a copy to Johnny Zamora  at 3479 Red Oak, Gilbert, AZ 85297 or wherever he may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's First Amended Original Petition with Notice of Required Disclosures at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **168th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 7th day of May, 2021, by Attorney at Law, ISRAEL P. GUARDIOLA, 6227 AIRPORT RD., EL PASO, TX  79925 in this case numbered **2021DCV1371** on the docket of said court, and styled:

**Agapito Ribas**
**VS**
**Fisher Sand & Gravel, Co. and Johnny Zamora**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 13th day of May, 2021.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Clarisa Aguirre

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

LUIS CARLOS TERRAZAS, Private Process Server
*NAME OF PREPARER                    TITLE
P.O. BOX 920811
ADDRESS
EL PASO          TX          79902
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 22nd day of May, 2021, at 3:58pm I mailed to Johnny ZAMORA C/O J. Bruce BUGG, JR. Chairman of TX Transportation Commission @ 125 E. 11th St. Austin, TX 78701-2483 Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's First Amended Original Petition with Notice of Required Disclosures attached thereto.

Luis Carlos Terrazas
PSC-1381 / Exp. 7/31/2022
                              TITLE

## RETURN OF SERVICE

Delivery was completed on ___May 25, 2021___, delivered to _Johnny Zamora, c/o J. Bruce Bugg, Jr., Chairman of TX Transportation Commission, @ 125 E. 11th St., Austin, TX 78701-2483_ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

The described documents were not delivered to the named recipient. The certified mail envelope was returned undelivered marked _____.

This forwarding address was provided: _____

El Paso County, Texas

By:_____
Deputy District Clerk

OR

_Luis Carlos Terrazas_
Name of Authorized Person

By: _Luis Carlos Terrazas, PSC-1381_
_Exp. 7/31/2022_

## VERIFICATION BY AUTHORIZED PERSON

State of Texas
County of El Paso

Before me, a notary public, on this day personally appeared _Luis Carlos Terrazas_, known to me to be the person whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and correct."

Subscribed and sworn to be on this _1st_ day of _June_, _2021_.

_____
Notary Public, State of _TX_
My commission expires: _5/6/2024_

NENCY LICANO
NOTARY PUBLIC
STATE OF TEXAS
ID# 128926698
EXPIRES 5-6-2024



# UNITED STATES POSTAL SERVICE.

AIRPORT MAIN OFC EL PASO
8401 BOEING DR
EL PASO, TX 79910-9996
(800)275-8777

05/22/2021                    03:58 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|

First-Class Mail®      1                    $1.40
Large Envelope
   Austin, TX  78701
   Weight: 0 lb 2.40 oz
   Estimated Delivery Date
      Wed 05/26/2021
   Certified Mail®                           $3.60
      Tracking #:
      70200640000233697539
   Return Receipt                            $2.85
      Tracking #:
      9590 9402 6313 0274 6309 80
Total                                        $7.85

First-Class Mail®      1                    $1.40
Large Envelope
   Dallas, TX  75201
   Weight: 0 lb 2.40 oz
   Estimated Delivery Date
      Wed 05/26/2021
   Certified Mail®                           $3.60
      Tracking #:
      70200640000233697522
   Return Receipt                            $2.85
      Tracking #:
      9590 9402 6313 0274 6309 73
Total                                        $7.85

Grand Total:                                $15.70

Debit Card Remitted                         $15.70
   Card Name: VISA
   Account #: XXXXXXXXXXXX1297
   Approval #: 097352
   Transaction #: 727

## U.S. Postal Service™ CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Austin, TX 78701

| Certified Mail Fee | |
|---|---|
| $ $3.60 | |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required           $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage
$ $1.40

Total Postage and Fees
$ $7.85

Postmark Here
LONG STATION 79910
2021
USPS
05/22/2021

Sent To   Johnny Zamora c/o J. Bruce Bugg, Jr.
Street and Apt. No., or PO Box No.  Chairman, TX Transportation
125 E. 11th St.                      Commission
City, State, ZIP+4®   Austin, TX  78701-2483

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 0640 0000 3369 7539

---

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Johnny Zamora
c/o J. Bruce Bugg, Jr.
Chairman of Texas Transportation Commission
125 E. 11th St.
Austin, TX 78701-2483



9590 9402 6313 0274 6309 80

2. Article Number (Transfer from service label)

## COMPLETE THIS SECTION ON DELIVERY

A. Signature
X  [signature]        ☒ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
   RANDY TOD           MAY 2 5 2021

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

**USPS TRACKING #**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6313 0274 6309 80

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Lone Star Legal Support
℅ Luis Carlos Terrazas, P.S.
P.O. Box 920811
El Paso, TX 79902



Re: Johnny Zamora
℅ J. Bruce Bugg, Jr., Chairman of TX
Transportation Commission

Case 3:21-cv-00140-KC    Document 1-2    Filed 06/15/21    Page 32 of 32

# USPS Tracking®

FAQs >

Track Another Package +

**Track Packages**
**Anytime, Anywhere**

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:** 70200640000233697539

Your item was delivered at 6:23 am on May 25, 2021 in AUSTIN, TX 78714.

## ⊘ Delivered

May 25, 2021 at 6:23 am
AUSTIN, TX 78714

Get Updates ⌄

---

**Text & Email Updates**                                                                        ⌄

---

**Tracking History**                                                                              ⌄

---

**Product Information**                                                                          ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback